## J. D. ANDREWS *v.* STATE, EX REL. W. T. COVINGTON.

1. TERM OF OFFICE.  *Clerks.  Constitution* 1869.  *Code* 1880, ？ 396.

   Section 396, code 1880, which provides that the term of office of all officers in this state, not otherwise provided for by law, shall be limited to four years, and until the successor therein shall be duly qualified, does not apply to terms of circuit and chancery clerks elected under the constitution of 1869, for by ？ 16, art. 6, of that constitution, the terms. of these offices are limited to four years.

2. SAME.  *Constitution* 1890, ？ 136.  *To what offices applicable.*

   Section 136, constitution 1890, which declares that, "All officers named in this article shall hold their offices during the term for which they were selected, unless removed, and until their successors shall be duly qualified to enter on the discharge of their respective duties," applies only to officers elected under the provisions of that constitution.

3. PUBLIC OFFICE.  *Claimants.  Quo warranto.  Code* 1880, ？ 2587.

   A proceeding by information in the nature of *quo warranto*, brought under code 1880, ？ 2587, to test the right of the relator to an office, being a private proceeding, not by the sovereign, must fail, notwithstanding proof that the defendant is usurping the office, unless the relator shows that he is entitled thereto, and this, although the proceeding is brought in the name of the attorney-general, at the instance of the relator.

4. SAME.  *Eligibility to office.  Constitution* 1890, ？ 250.

   Accordingly, such proceeding must fail, if it appear that the relator, at the time of his election and institution of the suit, not being registered, was not a qualified elector of the state, and therefore, under constitution 1890, ？ 250, not eligible to office.

5. PUBLIC OFFICER.  *Bond.  Necessity for approval.*

   The execution and approval, by the designated officers, of the bond required by law of a county officer, is a condition precedent to the right to enter upon the office; tender to the proper officers of a bond, although ample and solvent, is not a compliance with such condition, if the bond be rejected.

FROM the circuit court of Quitman county.

HON. R. W. WILLIAMSON, Judge.

This is a proceeding by information in the nature of a *quo warranto,* instituted March 9, 1890, in the name of the attorney-general, on the relation of W. T. Covington, against J. D. Andrews. The petition avers that the relator was duly elected to the offices of chancery and circuit clerk of Quitman county, for the constitutional period of four years, beginning the first Monday in January, 1892 ; that he received his certificate of election, and was duly commissioned by the governor to fill said offices for said term ; that he took the oath of office prescribed by law, and executed a bond as chancery clerk and a bond as circuit clerk, which bonds were in all respects according to law, and the sureties thereon solvent, and shown, by proper affidavits, to be worth the required amount ; that J. D. Andrews, the former clerk, before his term of office expired on the first Monday of January, 1892, together with the president of the board of supervisors, conspired to arbitrarily decline to approve relator's bonds, their purpose being to enable Andrews to hold over, and thus deprive relator of his office ; that relator, having thus tendered good and sufficient bonds, is entitled to be inducted into the office.

The petition prayed for a writ of *quo warranto* to issue against Andrews, directing him to show why relator should not be declared entitled to said office of chancery and circuit clerk, and why Andrews should not be debarred from holding the same, since his term of office had expired. It also prayed for damages for the wrongful act of said defendant in withholding such office from relator.

The writ issued as prayed for, returnable before the circuit judge in vacation. The defendant, Andrews, appeared, and demurred to the petition, because it showed that the bonds had not been approved by the president of the board of supervisors, and because such refusal, being an act of judicial discretion on the part of that officer, his judgment cannot be reviewed in this proceeding. The demurrer was overruled. Whereupon, the defendant filed a plea alleging that he had been duly elected to said offices in November, 1887, and had

qualified and assumed the duties thereof on the first Monday of January, 1888; that on the first Monday of January, 1892, no legal successor had qualified according to law, and that defendant, therefore, continued to exercise the duties and functions of the office; that relator was not a qualified elector at the time of his illegal election in November, 1891, and was not such on the first Monday in January, 1892, or at the time he instituted this proceeding, because he was not registered under the constitution and laws of this state, and therefore was not eligible to office.

The relator demurred to this plea, averring its insufficiency, and that defendant, having no right to said offices, could not question the eligibility of the relator.

The demurrer to the plea was sustained, and, the defendant having refused to plead further, judgment was rendered that he be ousted from said offices, and that he turn over to the relator all the books, papers and property pertaining thereto, and that the defendant pay the costs. From this judgment the defendant, Covington, appeals.

It should be stated that it is provided by law, under § 408, code 1880, that the office of chancery clerk and that of circuit clerk in Quitman county shall be filled by the same person.

The sections of the code of 1880, the construction of which is involved in this proceeding, are as follows:

"§ 396. The term of office of all officers in this state, not otherwise provided for by law, shall be limited to four years, and until the successor therein shall be duly qualified.

"§ 2587. The remedy by information in the nature of a *quo warranto*, shall also apply to try the right to any office in this state, civil or military, or in any county or town thereof, or any office in any corporation, in which case the person claiming to be entitled to the office shall be named as the relator, and the ground of his claim shall be stated by proper averment; and, in such case, judgment shall be rendered upon the rights of the respective claimants; and, if it

be in favor of the relator, he shall be entitled to the office, on qualifying according to law, and he shall also be entitled to recover of the defendant, in an action, all damages that may have accrued in consequence of the withholding such office from him."

It is provided by section 400 of said code that if any person elected to any office should fail to qualify as required by law, on or before the day of the commencement of his term of office, a vacancy in such office shall occur thereby, etc.

The sections of the constitution of 1890 involved in this case are as follows:

" § 136. All officers named in this article shall hold their offices during the term for which they were selected, unless removed, and until their successors shall be duly qualified to enter on the discharge of their respective duties.

" § 250. All qualified electors, and no others, shall be eligible to office, except as otherwise provided in this constitution.

" § 284. All officers, state, district, county and municipal, now in office in this state, shall be entitled to hold the respective offices now held by them, except as otherwise herein provided, and until the expiration of the time for which they were respectively elected or appointed, and shall receive the compensation and fees now fixed by the statute laws in force when this constitution is adopted."

*J. W. & W. D. Cutrer*, for appellant.

Covington, by failing to execute the required official bonds, approved as provided by law, and within the time fixed for such approval, forfeited the offices.  Code 1880, § 400; *Hyde* v. *State*, 52 Miss., 665.

It is incumbent on the relator not only to show the defect in the title of the incumbent, but to show his own election, eligibility and qualification.  Mechem on Public Officers, §§ 490, 491; High, Ex. Legal Rem., § 630.

The petition entirely fails to aver eligibility.  There is no

allegation that the bonds were, within the time fixed by law, presented for approval and approved. The demurrer to the plea should relate back to the petition, and, if it is defective, it should be so adjudged.

As this is a private proceeding, and not one instituted by the sovereign, it is necessary for the relator to affirmatively show his own right to the office. The constitution of 1890, § 136, confers on defendant the right to hold over until his successor is qualified. Section 284, which extends the term of all officers holding on November 1, 1890, to the expiration of the time for which they were respectively elected, cannot limit the term of appellant, because it does not affect officers whose terms are fixed or dealt with otherwise in any other part of the constitution. Besides, § 396, code 1880, declares that, unless otherwise provided by law, all officers shall hold until their successors shall be qualified. This section, not being repugnant to the new constitution, has been continued in force.

The demurrer to the plea admits its truthfulness, and therefore the relator, not being registered, is not eligible to the office. Const. 1890, § 250; *Burnham* v. *Sumner*, 50 Miss., 517.

On the doctrine that the acts of the president of the board of supervisors in approving bonds, being judicial, are beyond the control of the courts, see *Swan* v. *Gray*, 44 Miss., 393; *Mayor* v. *Rainwater*, 47 *Ib.*, 547; *Board* v. *West Point*, 50 *Ib.*, 638.

*Ira D. Oglesby*, for appellee.

This is not a proceeding brought under § 2587 by an individual to enforce his private right, but is a suit by the state calling upon the defendant to show by what authority he holds an office. The two proceedings are distinct. *Harrison* v. *Greaves*, 59 Miss., 453; *Foote* v. *Myers*, 60 *Ib.*, 790.

In the latter case it was adjudged that the suit was in behalf of the state, although the name of Chalmers was used

as relator, and the suit was expected to inure to his benefit. This being a public proceeding, it will not fail because the relator's right to the office is not made clear, if the defendant is shown to be a usurper.

There is no provision that circuit and chancery clerks may hold over until their successors are qualified. Under the constitution of 1869, the terms are limited to four years. The constitution of 1890 is exactly the same in this respect. Section 284 of the constitution of 1890, seems to limit the term of all officers, even in office, to the expiration of their respective terms. However that may be, the term of chancery and circuit clerks is fixed at four years. It is beyond the power of the legislature to extend the term. *Burnham* v. *Sumner*, 50 Miss., 517; *Fant* v. *Gibbs*, 54 *Ib.*, 396; *Christian* v. *Gibbs*, 53 *Ib.*, 314.

Defendant asserts no right to the office, except the right to hold over. He has no concern whether one claiming the office was elected at all, or, if so, whether he is eligible. *Harrison* v. *Greaves, supra; State* v. *Hardie*, 1 Ired., 42; 18 Fla., 501; 24 Wis., 63; 46 *Ib.*, 56; 102 Ind., 90; 23 Kan., 259.

I submit that, when the attorney-general proceeds against a defendant by *quo waranto*, even though upon the relation of an individual, the only defense is that the defendant has the right to the office. Even if a person is named as relator, this merely operates as surplusage. 28 Mich., 88; 15 Ill., 217; 18 Fla., 501; 27 Ark., 176; 11 Wis., 14; 24 *Ib.*, 63; 23 Kan., 259; 53 Mo., 97; High, Ex. Leg. Remedies, § 624; Mechem on Public Offices, § 491; Payne on Elections, §§ 888, 889.

*James R. Chalmers*, on the same side.

COOPER, J., delivered the opinion of the court.

The facts disclosed by the petition present a case in which it would be eminently proper for the state to proceed against the appellant, whose term of office expired on the first Mon-

day in January, and who is exercising the functions of the offices of clerk of the circuit and chancery courts of Quitman county without shadow of right. Appellant was elected to said offices under the constitution of 1869, and, by § 19 of article 6, the term of office was limited to four years.

Section 396 of the code of 1880, by express declaration, applies only to terms of office "not otherwise provided by law." But the terms of office of the circuit and chancery clerks are "otherwise provided for by law," viz.: by the fundamental law, the constitution.

Section 136 of the constitution of 1890, refers to officers elected under its provisions. It has not the effect of extending the terms of office of persons then in office. The terms of officers extended by the convention was by ordinance; and by § 284 it was declared that all other officers should hold until the expiration of the time for which they were respectively elected or appointed.

But, while we think the appellant has no right to continue in office, we cannot assent to the proposition that the present action is one in behalf of the state to evict him therefrom. This action is manifestly brought as a private suit by the relator, under § 2587 of the code, for the purpose of trying his right to the offices of clerk of the chancery and of the circuit courts of Quitman county. As such it must fail, for the reason that appellee has not shown himself to be legally entitled to be inducted therein. By his demurrer to the plea of the defendant, he admits that he was not a qualified elector of the state at the time of his election, nor at the time of the institution of this suit, and, not being such elector, he is, by § 250 of the constitution, ineligible to office, that section being that "all qualified electors, and no others, shall be eligible to office, except as otherwise provided in this constitution." There is no other provision relative to the offices relator claims the right to hold.

But relator's petition was also subject to demurrer. He shows by it that he has not qualified himself (if otherwise

competent) to enter into the discharge of the duties of the office by having given an official bond *approved by the proper authorities,* as the law requires. The law requires that one desiring to enter upon the offices named in the petition shall, as a condition precedent thereto, execute and have approved by certain officials designated, an official bond for each office. The tender of a good bond, if rejected by the approving officer, cannot be held to be a compliance with this statutory condition. Nothing short of what the law requires is sufficient.

*Judgment reversed, the demurrer sustained and petition dismissed.*