# Commonwealth ex rel. *v.* Sheatz.

*Public officers—State treasurer—Death of treasurer elect—Holding over
—Vacancy—Constitutional law—Act of May 9, 1874, P. L. 126.*

1. The state treasurer is a constitutional officer whose term is
limited by the constitution to two years, and such term cannot be
extended by an act of assembly.

2. The Act of May 9, 1874, P. L. 126, which provides that "the term
of office of the state treasurer shall hereafter commence on the first
Monday of May next succeeding his election, and shall continue for
two years, or until his successor shall be duly qualified," is an uncon-
stitutional exercise of the legislative power in so far as it attempts to
extend the term of the office beyond the period of two years.

3. The death of the treasurer elect before he qualifies creates a
vacancy in the office at the end of the incumbent's term on the first
Monday of May, and the incumbent is therefore not entitled to hold
over until a successor be elected and qualified to fill the office. In such
a case the governor has the right to appoint and commission another
person to fill the vacancy at the end of the incumbent's term.

Argued May 2, 1910. Miscellaneous Docket No. 2,
No. 350, in case of Commonwealth of Pennsylvania ex
rel. M. Hampton Todd, Attorney General, v. John I.
Sheatz. Before FELL, C. J., BROWN, MESTREZAT,
POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Origi-
nal jurisdiction.

Quo warranto to the defendant requiring him to show
by what authority he holds possession of the office of
state treasurer.

*M. Hampton Todd,* attorney general, for the common-
wealth.

*William U. Hensel,* for respondent.

OPINION BY MR. JUSTICE MESTREZAT, May 16, 1910:
This is a suggestion for a writ of quo warranto filed in
this court by the attorney general against John O. Sheatz

to determine his right to the office of state treasurer. The case was heard on the information and answer and demurrer thereto.

The suggestion sets forth that John O. Sheatz was elected state treasurer at the general election held November 5, 1907, for the term of two years, commencing on the first Monday of May, 1908, and entered upon the performance of the duties of his office on that date; that Jeremiah A. Stober was elected state treasurer at the general election held on November 2, 1909, for the term beginning the first Monday of May, 1910, and died on January 10, 1910; that notwithstanding the expiration of Sheatz's term as state treasurer he retains possession of the office contrary to law and to the prejudice of the commonwealth, and refuses to surrender the same and admit thereto Charles Frederick Wright who was duly appointed and commissioned as state treasurer on April 11, 1910, by the governor of the commonwealth for the term to begin on the first Monday of May, 1910; that said Wright duly filed his bond and took the oath of office as state treasurer as required by law, and demanded of Sheatz possession of the office which was refused.

The answer admits the election and service of Sheatz as state treasurer and the election and death of Stober as averred in the suggestion. It also admits the appointment of Wright as state treasurer by the governor, the filing of a bond by him and his taking the oath of office and the refusal by Sheatz to surrender possession of the office to Wright as averred in the suggestion. The answer concludes as follows: "I claim the right to retain possession of said office by virtue of the constitution and laws of the Commonwealth of Pennsylvania."

The attorney general demurred to the answer and assigned as causes therefor that it showed no sufficient cause authorizing the respondent to retain the office of state treasurer; and that the term of office of state treasurer is limited by the constitution to two years and cannot be extended by an act of assembly. We heard the

case on May 2, 1910, the day on which the term immediately succeeding that for which Sheatz was elected began, and after due consideration sustained the demurrer and entered judgment of ouster against the respondent.

The contention of the commonwealth is that the constitution having fixed the term of office of state treasurer at two years, Sheatz's term expired at the end of that period, and that the Act of May 9, 1874, P. L. 126, is, in so far as it attempts to extend the term, an extension of a constitutional term which it is beyond the power of the legislature to make. The respondent contends that the act of 1874, providing that a state treasurer shall continue in office for two years "or until his successor shall be duly qualified," governs the case; that the act does not extend the constitutional term but provides for the holding over of the elected incumbent until his successor is duly qualified; and that as Stober, elected in November, 1909, never qualified, there was no such vacancy in the office that the governor could fill by appointment.

When the respondent was elected state treasurer and during his term of office, the present constitution of 1874 was in force. His term was not abridged or extended by the amendments to the constitution adopted in 1909. Article IV, sec. 21, of the constitution provides: "The term of the secretary of internal affairs shall be for four years; of the auditor-general, three years; and of the state treasurer, two years. These officers shall be chosen by the qualified electors of the state, at general elections. No person elected to the office of auditor-general or state treasurer shall be capable of holding the same office for two consecutive terms." By art. IV, sec. 8, of the constitution and the amendment of 1909, the governor is empowered to fill any vacancy that may happen in the office of state treasurer, with the advice and consent of the senate if it be in session. By the act of assembly, approved April 28, 1873, P. L. 77, it was provided that the term of office of the state treasurer shall be two years

"from the first Monday of May next succeeding his election;" and by the act of May 9, 1874, P. L. 126, it was provided that "the term of office of the state treasurer shall hereafter commence on the first Monday of May next succeeding his election." It will, therefore, be observed that at the time the respondent was elected and entered upon the duties of the office of state treasurer it was a constitutional office, the term was fixed by the constitution at two years, and began, as provided by law, on the first Monday of May, 1908. Did the term of office of the respondent expire in two years from the first Monday of May, 1908, and thereby create a vacancy in the office on the first Monday of May, 1910? We are of the opinion that this question must be answered in the affirmative.

The constitution is the supreme law of the commonwealth, and its command must be obeyed. It is only when the constitution fails to deal with a subject that the general assembly may legislate upon it. These are fundamental and basic principles from which there can be no departure. As well said by Chief Justice BLACK in Sharpless v. Philadelphia, 21 Pa. 147, 161, "the constitution has given us a list of the things which the legislature may not do. . . . If we can change the constitution in any particular there is nothing but our own will to prevent us from demolishing it entirely." This admonition was given by the great jurist more than half a century ago, but the necessity for heeding and enforcing it both in state and federal jurisdictions has never been greater since the establishment of the government than at the present time.

Under the well-settled rules of interpretation, the constitution of the commonwealth having fixed the term of office of state treasurer at two years, the respondent's term expired at the end of that period, and thereafter he could not exercise the functions of the office. The term of office fixed by the constitution is expressly limited to a definite number of years, and it is not within

the power of the legislature, directly or indirectly, to
extend it beyond the prescribed period. There is no
implied right to hold beyond the fixed tenure or of the
legislature to extend the term; on the contrary, under
the established rule of constitutional construction, there
is an implied prohibition against the right of the legis-
lature to add to the term where the constitution has defi-
nitely prescribed the duration of the tenure. This in-
hibition prevents the incumbent holding over which is
simply the prolongation of the old term. The legisla-
ture is without power to abridge or extend the term or
to change or add to the qualifications of a constitutional
office unless it is expressly or by necessary implication
conferred by the constitution. This is a settled princi-
ple of construction necessarily resulting from the suprem-
acy of the organic law. It is recognized in the adjudi-
cated cases.

In State v. Howe, 25 Ohio, 588, Chief Justice Mc-
Ilvaine after reviewing all the authorities on the sub-
ject said (p. 589): "After a careful examination of the
question, in the light of both principle and authority,
we are led to the conclusion that the general assembly
may provide against the occurrence of vacancies by au-
thorizing incumbents to hold over their terms in cases
where the duration of their tenures is not fixed and lim-
ited by the constitution. . . . In cases where the dura-
tion of the tenure of office is limited by the constitution,
of course its duration cannot be extended by statute."
The authority of this case was recognized and followed
in State v. Brewster, 44 Ohio, 589, which was a quo war-
ranto to oust the defendant from the office of county
auditor after the end of his constitutional term of three
years. The court said (p. 594): "The term of office of
Brewster having been fixed and limited by the constitu-
tion, there is no power in the general assembly to extend
his term or tenure of office beyond the time so limited."
In Wilson v. Clark, 63 Kan. 505, in discussing the sub-
ject the court said (p. 510): "It is true, as was held in

State v. Thoman, 10 Kan. 191, and Peters v. Board of State Canvassers, 17 Kan. 365, that when the constitution fixes the duration of a term it is not in the power of the legislature either to extend or abridge it." The constitution of Indiana provides that the treasurer shall continue in office two years and no person shall be eligible to the office more than four years in any period of six years. In Howard v. State, 10 Ind. 99, in speaking of the term of treasurer the supreme court of that state said: "Thus, the term of office of treasurer is fixed. And though it may be conceded that the legislature may have the power to fix the time at which such term shall commence, still, in order to effect that object, they are not authorized either to shorten or lengthen it. The answer to this (power of the legislature to fill a vacancy created by designating the time at which the term of office shall commence) is, that the term being expressly limited by the constitution, the legislature have no power to enact a law which, in its effect, would create a vacancy." The same principle is announced in Gertum v. Kings Co., 109 N. Y. 170; Andrews v. State, 69 Miss. 740; People v. Burbank, 12 Cal. 378; Gemmer v. State, 163 Ind. 150; People v. Knopf, 198 Ill. 340; State v. Police Commrs., 88 Mo. 144; Standeford v. Wingate, 2 Duv. (Ky.) 440; State v. Douglas, 26 Wis. 428; State v. Maloney, 92 Tenn. 62; People v. Van Gaskin, 5 Mont. 352; State v. Stewart, 52 Neb. 243. It results that an act of assembly is without force or effect to change the constitutional term of an office; and in consonance with that principle and the familiar rule in constitutional law that a statute may be good in part and void in part, it has been held that in case the legislature provides for a longer term than is permitted by the constitution, the act is good as to the term permitted by the constitution, and is void as to the excess: People v. Perry, 79 Cal. 105; Sinking Fund Commrs. v. George (Ky.), 84 Am. St. Repr. 454.

The learned counsel for the respondent contends that the Act of May 9, 1874, P. L. 126, passed since the adop-

tion of the present constitution, rules the case, and that the respondent holds over until a successor is elected and qualified to fill the office. Section 2 of the act provides: "The term of office of the state treasurer shall hereafter commence on the first Monday of May next succeeding his election, and shall continue for two years, or until his successor shall be duly qualified." The third section provides for filling a vacancy in the office by appointment, and that the person so appointed shall perform the duties of the office until the first Monday in May, first succeeding the next general election, " or until his successor shall be duly qualified." In support of the contention it is argued that under the act of 1874, the respondent had the right to hold over until his successor was duly qualified, and Stober having died before he qualified there was no vacancy in the office after the expiration of the constitutional term for which the respondent was elected. The conclusive answer which entirely refutes this contention is that the constitution fixes definitely the respondent's term of office, and not having provided that the incumbent should hold over until his successor is qualified, it is not within the power of the legislature to so provide and thereby extend the term of the office and prevent a vacancy. This is settled on reason and, as noted above, also by authority. Holding over till a successor is qualified is, as conceded, not a new or another term, but a prolongation of the elected incumbent's term, and, hence, the argument of the respondent's counsel must necessarily rest upon the fallacious theory that an act of the legislature is paramount to a command of the constitution. It is idle to say that the provision of the act of 1874, permitting the incumbent to hold over until his successor is duly qualified, does not conflict with the constitutional provision that the term of the state treasurer shall be two years. There is neither express nor implied authority in the constitution for extending the term of state treasurer by permitting him to hold the office beyond the limit fixed by that instrument.

The respondent relies on Com. v. Hanley, 9 Pa. 513; Com. v. Wise, 216 Pa. 152, and cognate cases to sustain his position that the death of the treasurer elect before he qualified did not create a vacancy in the office on the first Monday of May, 1910, and that, therefore, he, the respondent, holds over and is entitled to perform the duties of the office. This discloses a misapprehension of the doctrine of these cases, as well as a failure to recognize the distinction between the constitutional provisions relating to the terms of office of state and county officers. Since the adoption of our first constitution this distinction has been consistently maintained in our organic law. The constitutions of 1790, 1838 and 1874, each provided that elective county officers should hold their offices for a specified time "and until a successor be duly qualified." On the other hand, the terms of state officers were definitely fixed with no provision for holding over until their successors were qualified. While, therefore, for more than a century by express constitutional provision the tenure of state officers has been fixed at a definite period, the tenure of a county officer has been for the designated term "or until his successor was duly qualified." For reasons appealing to the framers of the several constitutions and the people who adopted them, this distinction between the two classes of officers has been uniformly recognized in the organic law, and it has become the settled policy of the state to limit the term of service of a state officer strictly to the tenure prescribed by the constitution. Accordingly, in Com. v. Hanley, 9 Pa. 513, it was held that where a person had been elected to a county office and died before he qualified, there was no vacancy and the incumbent held over. In that case, the person who had been elected to the office of clerk of the orphans' court, a county office, died before he was commissioned or qualified to fill the office. The relator was appointed by the governor to fill the supposed vacancy. The answer averred that the respondent, the incumbent, had been elected and com-

missioned to hold the office for three years, "and until his successor should be duly qualified," and that as the party elected had failed to qualify, the respondent was entitled to hold over and there was no vacancy. The respondent's contention was sustained by this court. We held that until the person elected had qualified, the constitution authorized the incumbent to hold over and, hence, there was no vacancy which the governor could fill by appointment. In the opinion it is said (p. 516): "The relator assumes that the respondent was elected and commissioned only for three years; but this is a mistaken view of the constitution, and is only plausible by obliterating several important words from the constitution. The constitution reads thus: 'They shall hold their offices for three years, if they shall so long behave themselves well, and until their successor shall be duly qualified.' The obvious meaning of this clause is, that they cannot hold office less than three years, if they so long behave themselves well; although, on the happening of certain contingencies, they may hold office for a longer period. . . . That the respondent is entitled to hold until his successor is duly qualified are the words of the constitution." Com. v. Wise, 216 Pa. 152, was a quo warranto to determine the title to the office of county commissioner and, hence, the right of a state treasurer or other state officer to hold the office beyond the term prescribed by the constitution did not arise and was not considered. The right of a county officer to hold over "until his successor shall be duly qualified" was discussed and affirmed. In all our cases where the right to hold a county office was involved, we have recognized the constitutional right of the elected incumbent to hold over until his successor was duly qualified. A county officer is not elected or commissioned for only three years, but for such additional period as may intervene between the end of the three years and the time when his successor is duly qualified. The additional period is, by an express provision of the constitution, as much a

part of his official term, as the definite number of years fixed in his commission. When he holds over, therefore, his term is extended in exact compliance with the constitution, and the period during which he holds over is a part of his constitutional tenure. It necessarily follows that no vacancy can occur in a county office so long as the elected incumbent continues to perform the duties of the office. This rule prevails when the officer elected or appointed has for any cause whatever failed to qualify, and is recognized not only in our own but in other jurisdictions of this country. It is the settled interpretation of such constitutional provisions. Of course, in the absence of a fixed and definite term or other constitutional restriction, it is competent for the legislature to authorize a public officer to hold over until his successor is qualified. In such cases, like those where the right to hold over is expressly authorized by the constitution, the additional period during which the incumbent performs the duties of the office is a part of his official term, and there is no vacancy to be filled by the appointing power.

From what has been said it follows that the legislature cannot abridge or extend the constitutional term of the state treasurer, and that the act of 1874 is void in so far as it provides that he shall continue in office beyond the term of two years fixed by the constitution.

We are of the opinion that under the constitution and laws of the commonwealth, the respondent's term of office as state treasurer had expired on the first Monday of May, 1910, thereby creating a vacancy in said office which the governor of the commonwealth was empowered to fill.