## Ex Rel. WILLIAMSON *v.* MORTON

No. 2765

March 17, 1927.                              254 P. 147.

1. OFFICERS—ASSESSOR, VACANCY.

There being no constitutional provision authorizing county assessors to hold over until their successors are elected and qualified, under Const. art. 15, sec. 11, providing that the legislature shall not create office, tenure of which shall be longer than four years, office of county assessor becomes vacant at expiration of four years, even though no successor is elected and qualified.

C. J.-CYC. REFERENCES

OFFICERS—29 Cyc. p. 1399, n. 28 ; p. 1401, n. 50 (new).
TAXATION—37 Cyc. p. 979, n. 23 (new).

ORIGINAL QUO WARRANTO by the state, on the relation of Thomas Williamson, against H. A. Morton. **Writ to issue.**

*M. A. Diskin,* Attorney-General, and *Roy W. Stoddard,* Deputy Attorney-General, for Plaintiff:

There was no candidate for assessor at general election of 1926. If defendant is duly authorized assessor for new term it can be only by virtue of his right to hold over until his successor is elected and qualified. There is no law for county officer to so hold over. Act of 1865, Rev. Laws, 1570, provided that assessor should continue in office for two years "and until his successor is elected and qualified." Stats. 1883, 123, attempted to extend term of assessors then in office to four years (held unconstitutional in State v. Arrington, 18 Nev. 412), and omitted words "and until his successor is elected and qualified." By act of 1899, Rev. Laws, 1577, term was again fixed at two years, and words "and until, etc." were omitted. Assessors are only county officers who were ever authorized to hold over. Examination of legislation shows later intention was to prohibit it. In construing statute repealing former by implication, last expression must prevail. Christy v. Supervisors, 39 Cal. 10. When provision is left out of statute by design or mistake, courts have no right to supply it. Hobbs v. McLean, 117 U. S. 579; State v. Simon, 26 P. 171.

Rev. Laws, 2813, makes provision for filling any vacancy in county offices, through appointment by commissioners, thus eliminating reason for holding over.

When constitution limits tenure to four years, legislature cannot provide officer shall hold over after expiration of his term until his successor is appointed. 15 C. J. 491; Christie v. Sacramento, 39 Cal. 11; Ex rel. Wagner v. Compson, 54 P. 349.

Constitution and legislature limit defendant's term to four years and, no successor having been elected, office became vacant. Relator then became assessor by appointment by commissioners. Const. art. 15, sec. 11; Rev. Laws, 2813.

*G. J. Kenney* and *A. L. Haight,* for Defendant:

It is only where there is no incumbent that our system allows appointment. Power to fill vacancies is narrowly construed. People v. Whitman, 10 Cal. 38; 29 Cyc. 1400, 1402.

Where statute provides for holding over, expiration of term does not produce vacancy, but incumbent continues as de jure officer. 29 Cyc. 1399.

Constitutional four-year limitation does not render office vacant upon expiration of such term so as to create vacancy which may be filled by appointment. People v. Hammond, 6 P. 741; People v. Nye, 98 P. 241.

Incumbent holds over after term has expired until successor is elected and qualified or until one is elected and qualified. He is officer de jure. If there is vacancy after expiration of term, statute itself fills vacancy by providing incumbent shall hold over. Rule is not that he shall hold over until there is opportunity of electing successor, but until successor is elected and qualified. There is no occasion for appointment if there is incumbent in office. Same person may hold office for more than one term, even though constitution limits term to four years. People v. Tilton, 37 Cal. 614.

## OPINION

By the Court, COLEMAN, J.:

This is an original proceeding in quo warranto to

oust the defendant from the office of assessor of Churchill County. The defendant was elected assessor of Churchill County in November, 1922, for a term of four years. At the general election in November, 1926, when, according to the general statute, all county officers holding for a period of four years should have been elected, there was no candidate for the office of county assessor of Churchill County. On January 3, 1927, the board of county commissioners of that county, being of the opinion that the office of county assessor was vacant, appointed the relator to the office, whereupon he duly qualified and demanded the office of the defendant, who refused the demand upon the ground that he holds over until his successor is elected and duly qualifies. There is no provision in our constitution authorizing a county assessor to hold over.

Several contentions are urged by relator in this matter, but we deem it necessary to discuss but one. It is contended by relator that respondent is incapable of holding over because of the provision in section 11, art. 15, of our constitution, which reads:

" * * * The legislature shall not create any office the tenure of which shall be longer than four years, except as herein otherwise provided in this constitution."

There is no exception in the constitution as to the office in question.

In support of this contention our attention is directed to the case of State ex rel. Wagner v. Compson, 34 Or. 25, 54 P. 349, and the authorities therein cited. The constitutional provision under consideration in that case was, so far as is material here, identical with the provision of section 11, art. 15, of our constitution. It was there contended that, where a railroad commissioner had held over for more than four years, the office became vacant under the constitutional provision in question. In disposing of the case the court said:

"The law seems to be settled that, where the duration of an official term is limited by the constitution, the office becomes vacant at the expiration of that term, even though the legislature has provided that the incumbent

shall hold until his successor is duly qualified. 19 Am. & Eng. Enc. Law (1st ed.), 433; State v. Howe, 25 Ohio St. 588, 18 Am. Rep. 321; State v. Brewster, 44 Ohio St. 589, 9 NE. 849."

The court proceeds to say, however, that where, as in Oregon, another section of the constitution provides that an officer shall hold over until his successor is elected and qualified, there is no vacancy as a result of such an officer's holding over in excess of that four-year limitation.

The Ohio cases, supra, are more apt illustrations and authority in support of the contention made. In both of those cases it was held that a constitutional provision similar to ours was a limitation upon the term for which one might hold an office, and that there could be no holding over which would result in an extension of that term.

In Burnham v. Sumner, 50 Miss. 517, which was a contest between a hold-over appointee for superintendent of public education and another, it was said:

"The fourth section of the eighth article of the constitution provides that there shall be a superintendent of public education in each county, who shall be appointed by the board of education, by and with the advice and consent of the senate, whose term of office shall be two years. According to this limitation in the constitution, Burnham's term of office could not continue longer than the 31st day of January, 1875, and he could not legally hold said office any longer, unless he was authorized by law to hold the same until his successor was qualified to enter upon the duties of the office. No officer, named in the constitution, whose term of office is prescribed therein, can hold for a longer period than that specified in that instrument. The twenty-second section of the fifth article of the constitution provides that all officers named in this article shall hold their offices during the term for which they were elected, unless removed by impeachment or otherwise, and until their successors shall be duly qualified to enter on the discharge of their separate duties. The county superintendent of education is not one of the officers

named in that article, and therefore he has no right to hold over his term. And the legislature has no power to extend the term of any of these officers beyond the time prescribed by the constitution, unless authorized by that instrument. As there is nothing in the constitution authorizing Burnham to hold over after the expiration of his term of office, it necessarily follows that he had no right to the office in controversy after the 31st day of January, 1875."

The Supreme Court of Pennsylvania in Commonwealth ex rel. Todd v. Sheatz, 228 Pa. 301, 77 A. 547, 50 L. R. A. (N. S.) 374, 21 Ann. Cas. 54, in disposing of this question, said:

"Under the well-settled rules of interpretation, the constitution of the commonwealth having fixed the, term of office of state treasurer at two years, the respondent's term expired at the end of that period, and thereafter he could not exercise the functions of the office. The term of office fixed by the constitution is expressly limited to a definite number of years, and it is not within the power of the legislature, directly or indirectly, to extend it beyond the prescribed period. There is no implied right to hold beyond the fixed tenure or of the legislature to extend the term; on the contrary, under the established rule of constitutional construction, there is an implied prohibition against the right of the legislature to add to the term where the constitution has definitely prescribed the duration of the tenure. This inhibition prevents the incumbent holding over which is simply the prolongation of the old term. The legislature is without power to abridge or extend the term or to change or add to the qualifications of a constitutional office unless it is expressly or by necessary implication conferred by the constitution. This is a settled principle of construction necessarily resulting from the supremacy of the organic law. It is recognized in the adjudicated cases.

"In State v. Howe, 25 Ohio St. 588, 18 Am. Rep. 321, Chief Justice McIlvaine, after reviewing all the authorities on the subject, said (page 589):

" 'After a careful examination of the question, in the

light of both principle and authority, we are led to the conclusion that the general assembly may provide against the occurrence of vacancies by authorizing incumbents to hold over their terms in cases where the duration of their tenures is not fixed and limited by the constitution. . * * * In cases where the duration of the tenure of office is limited by the constitution, of course, its duration cannot be extended by statute.'

"The authority of this case was recognized and followed in State ex rel. Atty.-Gen. v. Brewster, 44 Ohio St. 589, 9 NE. 849, which was a quo warranto to oust the defendant from the office of county auditor after the end of his constitutional term of three years. The court said (page 594 [9 NE. 851]) :

" 'The term of office of Brewster having been fixed and limited by the constitution, there is no power in the general assembly to extend his term or tenure of office beyond the time so limited.'

"In Wilson v. Clark, 63 Kan. 505, 65 P. 705, 707, in discussing the subject, the court said (page 510) :

" 'It is true, as was held in State ex rel. Goodin v. Thoman, 10 Kan. 191, and Peters v. State Canvassers, 17 Kan. 365, that, where the constitution fixes the duration of a term, it is not in the power of the legislature either to extend or abridge it.'

· "The constitution of Indiana provides that the treasurer shall continue in office two years, and no person shall be eligible to the office more than four years in any period of six years. In Howard v. State, 10 Ind. 99, in speaking of the term of treasurer, the supreme court of that state said:

" 'Thus, the term of the office of treasurer is fixed. And, though it be conceded that the legislature may have the power to fix the time at which such term shall commence, still, in order to effect that object, they are not authorized either to shorten or lengthen it. * * * The answer to this (power of the legislature to fill a vacancy created by designating the time at which the term of office shall commence) is that, the term being expressly limited by the constitution, the legislature

has no power to enact a law which, in its effect, would create a vacancy.'

"The same principle is announced in Gertum v. Kings County, 109 N. Y. 170, 16 NE. 328; Andrews v. State, 69 Miss. 740, 13 So. 853; People ex rel. Atty.-Gen. v. Burbank, 12 Cal. 378; Gemmer v. State, 163 Ind. 150, 66 L. R. A. 82, 71 NE. 478 [66 L. R. A. 82]; People ex rel. Oliver v. Knopf, 198 Ill. 340, 64 NE. 842, 1127; State ex rel. Campbell v. Police Comrs., 88 Mo. 144; Standeford v. Wingate, 2 Duv. [Ky.] 440; State v. Douglas, 26 Wis. 428, 7 Am. Rep. 87; State ex rel. Rambo v. Maloney, 92 Tenn. 62, 20 SW. 419; People ex rel. Robertson v. Van Gaskin, 5 Mont. 352, 6 P. 30; State ex rel. Comstock v. Stewart, 52 Neb. 243, 71 NW. 998."

We find the rule stated in 23 Am. & Eng. Ency. Law (2d ed.), p. 415, as follows:

"It is entirely competent for the legislature of a state to authorize public officers to hold over in the absence of any constitutional provision to the contrary. But it is the better opinion, and the one supported by the greater weight of authority, that when the constitution fixes the term of an office or limits it to a prescribed period of time, the legislature cannot, by authorizing the incumbent to hold over until his successor is elected or appointed and qualified, extend his authority over a longer period than that prescribed."

In reply to the foregoing views, our attention is directed to the case of People v. Campbell, 138 Cal. 11, 70 P. 918. As we interpret this case, it is favorable to the contention made by the relator rather than opposed to it. We quote therefrom:

"In People v. Tilton, 37 Cal. 614, the court held that the provision in the statute that the officer might hold his office until his successor was elected and qualified was not an extension of his term of office in violation of section 7, art. 11, of the constitution of 1849 (which corresponds to section 9, art. 11, of the present constitution), but was the creation of an additional, contingent term, which was within the power of the legislature.

The legislature, however, has no power to create an additional term for an office whose term is limited by the constitution. In People v. Edwards, 93 Cal. 153, 28 P. 831, the court said:

" 'Where the term of office is fixed, determinate, a provision requiring the officer to continue to discharge the duties of his office, although his term has expired, until his successor has qualified, adds an additional, contingent and defeasible term to the original fixed term.'

"In the case of an office created by the legislature, as were all the offices in the cases cited by the appellant, it was competent for the legislature to provide for such additional contingent term; but, when the office, as well as the term, is 'fixed, determinate,' by the constitution, the legislature has no power to extend or diminish the term, or to add any contingent term thereto."

With us, the office of assessor is not a constitutional, but a statutory, office, yet, pursuant to the constitutional provision in question, the term—to use the language of the California case mentioned—is "fixed, determinate," by the constitutional provision invoked, just as much as if the office had been created by the constitution itself; hence, as further said therein, "The legislature * * * has no power to create an additional term for an office whose term is limited by the constitution." See, also, People ex rel. Mattison v. Nye, 9 Cal. App. 148, 98 P. 241.

Whatever might be our determination were the question a new one, in view of what seems to be the unanimous conclusion of the courts on the point in accord with relator's contention, we feel that there is no course reasonably open to us other than to follow their interpretation; hence it follows that the writ should issue as prayed.

It is so ordered.