## Commonwealth ex rel. v. Smith.

*Richard D. Laird* and *John E. Kunkle*, for relator.
*Andrew G. Uncapher* and *Marker & Rial*, contra.

WHITTEN, J., March 19, 1928.—At the municipal election in November, 1925, S. Craig King was elected Tax Collector of the Borough of Vandergrift for a term of four years, beginning on the first Monday of January, 1926. After having qualified and after having assumed the duties of the said office, King died Sept. 6, 1926.

Sept. 7, 1926, the borough council adopted the following resolution: "That W. T. Smith be appointed tax collector of the Borough of Vandergrift to serve until the next municipal election to fill the vacancy caused by the death of S. Craig King."

At the municipal election in November, 1927, a tax collector for the said borough was not chosen, and the said W. T. Smith continued to exercise, and still does exercise, the powers, duties and rights of tax collector in the said borough.

Feb. 28, 1928, upon petition of John R. Keister, District Attorney of Westmoreland County, the court awarded a writ of *quo warranto* directed to the

said W. T. Smith that he be and appear before the said court to show by what authority he exercises the powers, duties and the office of tax collector in the said borough.

The said W. T. Smith made answer to the said writ, alleging that, by virtue of the said resolution of the borough council, adopted Sept. 7, 1926, he is entitled to hold the said office until after the election in November, 1929.

The appointment of W. T. Smith was made by the authority of the Act of May 8, 1923, P. L. 171, which provides, *inter alia*, that "such appointment shall be until the next municipal election, at which election a collector shall be elected for four years."

However, the said Act of May 8, 1923, P. L. 171, was repealed absolutely by the Act of May 4, 1927, P. L. 519-666. The said Act of May 4, 1927, P. L. 519, provides:

"Section 850. *Election of Tax Collector.* The qualified voters of every borough shall, at the municipal election in the year one thousand nine hundred and twenty-nine, and every four years thereafter, vote for and elect one properly qualified person as tax collector of the borough."

"Section 901. *Filling Vacancies in Elective Borough Offices.* If any vacancy shall occur in the office of burgess, member of council, auditor, controller, high constable or tax collector, or from a ward in the case of a ward office, or by failure or neglect to give bond as provided by law, or in any other manner whatsoever, the borough council shall fill such vacancy by appointing, by resolution, a qualified resident of the borough to such office for the unexpired term of the office."

"Section 902. *When Court to Fill Vacancies.* If the council of any borough shall refuse, fail or neglect, or be unable for any reason whatsoever to fill the vacancy within thirty days after the vacancy happens, as provided by the preceding section, then the Court of Quarter Sessions shall, upon petition of the burgess or council or five citizens, fill the vacancy in such office by the appointment of a qualified resident of the borough for the unexpired term of the office."

We construe the above sections of the Act of May 4, 1927, P. L. 519, to mean that:

(a) The vacancy—if it existed—in the office of tax collector, caused by the death of King, was not to be filled by the electors at the municipal election in November, 1927. In fact, the electors did not fill such vacancy at the election in November, 1927.

(b) Such vacancy—if it existed after the municipal election held in November, 1927—should be filled by the borough council; and

(c) Upon the failure, refusal or neglect of the borough council to fill such vacancy, the duty to fill such vacancy is cast upon the Court of Quarter Sessions.

The next question, therefore, is: Did the appointment by the borough council of Smith as tax collector expire immediately after the municipal election held in November, 1927, or is such appointment still in force?

As above stated, the Act of May 8, 1923, P. L. 171, provides that "such appointment shall be until the next municipal election;" and on Sept. 6, 1926, the borough council appointed Smith "to serve until the next municipal election." The "next municipal election" referred to by the borough council must have been the election to be held in November, 1927.
been the election to be held in November, 1927.

Of course, the borough council could not have foreseen that thereafter the legislature would dispense with the election of tax collectors at the municipal election in November, 1927.

In other words, it clearly appears that on Sept. 7, 1926, the borough council had no authority to fill the vacancy in the office of tax collector beyond the date of the municipal election in November, 1927, and that said borough council intended that the term of its appointee (Smith) would expire on the date of such municipal election.

Section 46 of the Act of Feb. 2, 1854, P. L. 21, provides that if a vacancy occurs in an elective city office, the city council shall fill such vacancy "until the next city election."

In Com. ex rel. v. Warwick, 172 Pa. 140, the Supreme Court held that the appointee of the city council (where an elective city officer had died) could not hold for the balance of his predecessor's term of office, but only until "the next city election," even although, at such election, the electors could not, under existing laws, vote for such an officer.

Defendant's learned counsel argue that the proviso (Act of May 8, 1923, P. L. 171): "Such appointment shall be until the next municipal election at which a collector shall be elected for four years," should be read thus: "Such appointment shall be until the next municipal election at which a collector may legally be elected." However, the court has no authority thus to amend the statute.

A public officer, elected or appointed for a definite term, cannot hold over upon a failure to elect or against a successor unless by virtue of special legal authority so to do: Com. v. Young, 10 Schuyl. Legal Rec. 298; Com. v. Sheatz, 228 Pa. 301.

Section 103 of the Act of May 4, 1927, P. L. 519, provides: "Any person holding office under any act of assembly repealed by this act shall continue to hold such office until the expiration of the term thereof, subject to the conditions attached to such office prior to the passage of this act."

If this proviso of the statute was intended to extend the term of any officer, it would be in conflict with article III, section 13, of the Constitution of Pennsylvania, which provides that "no law shall extend the term of any public officer . . . after his election or appointment."

A tax collector is a public officer within the meaning of the above constitutional provision: Houseman v. Com., 100 Pa. 222; Com. ex rel. v. Moffitt, 238 Pa. 255; Dewey v. Luzerne County, 74 Pa. Superior Ct. 300; Tucker's Appeal, 271 Pa. 462; Richie v. Philadelphia, 225 Pa. 511.

At the trial of this case, March 19, 1928, the parties thereto agreed upon a case stated embodying the facts above referred to. Indeed, there is no dispute as to any matter of fact.

Our conclusion is that the term of W. T. Smith's appointment to the office of tax collector expired Nov. 8, 1927—that being the next municipal election after his appointment. It follows that the plaintiff is entitled to judgment.

### Decree.

And now, March 19, 1928, after argument by counsel and upon due consideration, it is adjudged and decreed that the said W. T. Smith is guilty of usurping, intruding into and unlawfully holding and exercising the office of tax collector of the Borough of Vandergrift, Westmoreland County, Pennsylvania, and the court here do give judgment that the said W. T. Smith be ousted and altogether excluded from the said office, rights and privileges, and that the Commonwealth of Pennsylvania do recover from the said W. T. Smith its costs in this behalf expended.