Commonwealth ex rel. Matthews, Appellant,
*v.* Lomas.

Argued October 8, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Chas. E. Berger,* with him *M. A. Kilker,* for appellant, cited: Com. v. Wise, 216 Pa. 152; Com. ex rel. v. Sheatz, 228 Pa. 301; Com. ex rel. v. Bitner, 294 Pa. 549.

*Edgar Downey,* for appellee, cited: Com. v. Armstrong, 9 Phila. 479; Com. v. Sheatz, 228 Pa. 301; Bechtel v. Farquhar, 21 Pa. C. C. R. 580; Com. v. Hanley, 9 Pa. 513; McKinley's Case, 28 Pa. C. C. R. 90.

OPINION BY MR. JUSTICE FRAZER, November 24, 1930:

Edward Matthews was elected tax collector of Gilberton Borough, Schuylkill County, November 3, 1925. He performed the duties of his office for three years, neglecting however in 1929 to file a bond and by reason of such failure, his office became vacant by virtue of section 901 of the General Borough Act of May 4, 1927, P. L. 519. The borough council, on August 5, 1929, appointed Ruth Matthews, his wife, to fill the vacancy thus created. At the municipal election held in No-

vember, 1929, Benjamin Lomas was duly elected tax collector in accordance with section 850 of the General Borough Act of 1927, which provides that the voters of every borough shall "at the municipal election in the year 1929, and every four years thereafter, vote for and elect one properly qualified person as tax collector of the borough." Lomas died December 23, 1929, before qualifying for office, inasmuch as his term would not have begun until the first Monday of January, 1930. No further appointment was made by the borough council, and, on March 3, 1930, the court of quarter sessions appointed Mrs. Sallie Lomas to fill the "unexpired term" of her deceased husband, Benjamin Lomas. Mrs. Matthews and Mrs. Lomas both claimed the right to the office, and duly presented bonds to the borough council as security for the collection of the 1930 assessments. The bond of the former was approved by council, but rejected by the county commissioners because of the appointment of Mrs. Lomas by the court of quarter sessions. The bond of the latter was subsequently approved by both the county commissioners and the court of quarter sessions and she took the oath of office and entered upon her duties. Mrs. Matthews thereupon petitioned for a writ of quo warranto to test the right of Mrs. Lomas to the office, averring that the death of Benjamin Lomas before the commencement of his term did not create a vacancy in the office, but that petitioner's right to the office continued until a successor should be duly elected at the next municipal election to be held in November, 1933.

It being conceded that Benjamin Lomas, though duly elected to the office of tax collector for a four-year term beginning the first Monday of January, 1930, did not in fact qualify for the office because of his death previous to the time he would have assumed the position to which he had been elected, the first question presented is whether his election, even though he had not qualified for office, ended the term of Mrs. Matthews so that

his subsequent death necessarily created a vacancy which could be filled by appointment, or whether the act of the electors in choosing Lomas was ineffectual unless and until he duly qualified as such official. If the vacancy to be filled was that of a successor to Lomas, the appointment made by the court below was proper. But if the vacancy, if any, was in the office held by Mrs. Matthews, then the validity of the appointment of Mrs. Lomas must depend upon whether a vacancy in fact existed, which in turn depends upon whether Mrs. Matthews was entitled to hold office until her successor duly qualified.

The court of quarter sessions, in its opinion filed in the proceeding for the appointment of a tax collector, decided that Mrs. Matthews held over under the Act of March 22, 1927, P. L., 53, until her successor was elected or appointed and duly qualified, but that it was the duty of council to appoint a successor after January 6, 1930, because the person elected to fill the office had died without qualifying, and, in its order appointing Mrs. Lomas, recited that a vacancy existed by reason of the death of Benjamin Lomas, and made the appointment "for the unexpired term of the said Benjamin Lomas." This conclusion of the court seems to be a non sequitur for reasons hereinafter stated.

The death of a person before he has qualified according to law to fill an office to which he was elected, does not create a vacancy, if the incumbent of the office is authorized to hold until his successor shall be qualified: Commonwealth v. Hanley, 9 Pa. 513; also recognized in Commonwealth v. Wise, 216 Pa. 152, and Commonwealth v. Sheatz, 228 Pa. 301, 309. In Commonwealth v. Hanley, supra, in discussing the meaning of "duly qualified," it was said (page 517): "Being duly qualified in the constitutional sense, and in the ordinary acceptation of the words, unquestionably means that he, the successor, shall possess every qualification; that he shall, in all respects, comply with every requisite

before entering on the duties of the office; that, in addition to being elected by the qualified electors, he shall be commissioned by the governor, give bond as required by law, and that he shall be bound by oath or affirmation (vide 8th article of Constitution) to support the Constitution of the Commonwealth, and to perform the duties of the office with fidelity. Until *all* these prerequisites are complied with by his successor (for if you can dispense with one, you can dispense with all), the respondent is de jure, as well as de facto, the clerk of the orphans' court."

Commonwealth v. Sheatz, supra, involved the right of the state treasurer, a constitutional officer, to hold over where the newly elected treasurer died before qualifying for his office. In that case it was held that an act of assembly extending the term of office beyond the period fixed by the Constitution, was void, and consequently on the death of the newly elected treasurer a vacancy was created which the governor was authorized to fill by appointment. In the course of the opinion of this court, in referring to the right of a county officer to hold until his successor should be duly qualified, it was said, (page 310): "It necessarily follows that no vacancy can occur in a county office so long as the elected incumbent continues to perform the duties of the office. This rule prevails when the officer elected or appointed has for any cause whatever failed to qualify, and is recognized not only in our own but in other jurisdictions of this country. It is the settled interpretation of such constitutional provisions. Of course, in the absence of a fixed and definite term or other constitutional restriction, it is competent for the legislature to authorize a public officer to hold over until his successor is qualified. In such cases, like those where the right to hold over is expressly authorized by the constitution, the additional period during which the incumbent performs the duties of the office is a part of his official term, and there is no vacancy to be

filled by the appointing power." See also Commonwealth v. Bitner, 294 Pa. 549, holding that the election of a tax collector at an election illegally held did not have the effect of terminating the office of an incumbent who had been appointed to fill a vacancy, but the latter continued in office until the next municipal election and the borough council was without authority to make an appointment to fill a supposed vacancy created by the inability of the person illegally elected to take office.

It would follow from the foregoing cases that if Mrs. Matthews held office until her successor should be elected or appointed and duly qualified, as provided by Act of March 22, 1927, P. L. 53, no vacancy existed in the office of tax collector on the first Monday of January, 1930, because the person elected to that office the preceding November had died unqualified and no vacancy could arise because of his death. The vacancy, if any existed, must have been because of the disqualification of Mrs. Matthews to continue in office beyond that time.

The remaining question, accordingly, is whether the Act of March 22, 1927, P. L. 53, authorizing a tax collector to hold office until a successor is elected or appointed and duly qualifies was repealed by the General Borough Act of 1927, and if so, what effect such repeal would have upon the right of Mrs. Matthews to continue in office.

Section 901 of the General Borough Act of May 4, 1927, P. L. 519, relating to the filling of vacancies in office, provides that in case a vacancy shall occur in the office of tax collector in any manner whatsoever, the borough council shall fill such vacancy by appointment "for the unexpired term of the office." In the event of the failure of council to make such appointment within thirty days after the vacancy happens, section 902 authorizes the court of quarter sessions, on petition of the burgess or council or five citizens, to fill such office by appointment for the unexpired term.

At the same session of the legislature, but previous thereto, on March 22, an act was passed providing that any officer of a municipal corporation "who hereafter may be or heretofore has been elected or appointed and having qualified, shall hold said office until his successor is elected or appointed and duly qualifies." It will be observed that this provision, though apparently inconsistent with section 901 of the General Borough Act subsequently passed, is in accord with section 804 of the General Borough Act which provides that "persons *elected* to borough offices shall serve until their successors are elected and qualified." That act contains no express provision as to the right of appointed officers to hold over, and the only inconsistency with the earlier Act of 1927 is what may be negatively implied from the provision limiting the appointment to the "unexpired term of office." These two acts of 1927, having been passed at the same session of the legislature and relating to the same subject-matter, are in pari materia and must be construed together if possible (Buttorff v. York City et al, 268 Pa. 143, 146; Duffy v. Cooke, 239 Pa. 427, 433), and this rule applies even though the later act is a general one (Graham v. Philadelphia, 288 Pa. 152, 159) ; and even where there is an express repeal in the later legislation of all acts inconsistent therewith, such provision is considered as an express recognition that those not inconsistent therewith remain in force: Commonwealth v. Reese, 293 Pa. 398, 401. A general statute without negative words cannot repeal a previous particular statute even though the provisions in one be different from the other: In re Opening of Parkway, 249 Pa. 367, 373. It should be observed that here both statutes are general, the first being general in the sense that it applies to a specific subject-matter of all municipalities, to wit, the right of all officers to hold over until their successors are duly qualified, and the second in the sense that it is a codification of the law relating to one particular

class of municipalities. However, there is nothing to prevent the legislature, if it sees fit, even during the same session, from changing its mind with respect to a particular subject of legislation, and if the two acts are in irreconcilable conflict and cannot stand together, then the earlier must give way to the later: Bourguignon Building Association v. Commonwealth, 98 Pa. 54, 62; Pennsylvania State Camp, P. O. of A.'s Application, 261 Pa. 184, 186, and Buttorff v. York City et al., 268 Pa. 143, 146.

The General Borough Act of 1927, section 3301, expressly repeals a large number of acts either entirely or in so far as they relate to boroughs. It further declares that the intention is to furnish a "complete and exclusive system for the government and regulation of boroughs" with certain specific exceptions named, and also repeals all other acts "supplied by, inconsistent with, or appurtenant to the subject-matter covered by this act." The earlier act passed March 22, 1927, P. L. 53, was not expressly referred to, although we must assume that the legislature had knowledge of its provisions at the time the subsequent legislation was passed. Unless, therefore, it is impossible to construe the acts together, they must both stand.

Section 804 of the Borough Act provides that persons "elected" to borough offices shall serve until their successors are elected and qualified. Under article 9, which relates exclusively to "vacancies in office," it is provided, in section 901, that, in case of vacancy, councils should fill the same by appointment "for the unexpired term of office." Nothing is said as to what should happen in the event that the office should not be filled in the usual manner by election at the expiration of the term, except what may be implied from the express limitation of the term of the appointee to the "unexpired term." If this be construed as an implied repeal of the Act of March 22, 1927, the result would be that while elected officers in all municipalities would hold over until their

successors were duly qualified, a distinction would exist, as to officers appointed to fill vacancies, between boroughs and other municipalities, a distinction which does not seem to be based on any real difference in the subject-matter of legislation.

In view of the recognition by this court in Commonwealth v. Sheatz, 228 Pa. 301, 307, that a hold-over term is not a new term, but a mere prolongation of the elected incumbent's term, and the statement in Commonwealth v. Bitner, 294 Pa. 549, 554, that the appointee to fill a vacancy in such office is merely serving out the period which his predecessor would have served, it follows logically that the legislature did not, by providing for appointment for the unexpired term of office, expressly limit the term of the appointee to a shorter period than would have attached to the term of the original incumbent, but impliedly recognized his right to continue in office, if occasion should arise—a right which was already expressly given by the earlier Act of 1927. So construed, this section of the General Borough Act is not inconsistent with the provisions of the earlier act, and both may stand together.

The decree of the court below is reversed, and relator's petition reinstated with directions to proceed in accordance with this opinion. Costs to be paid by appellee.