JOE BURNHAM *v.* G. M. D. SUMNER.

1. SUPERINTENDENT OF EDUCATION — TERM OF OFFICE. — The constitution, art. 8, sec. 5, limits the terms of office of county superintendents to two years, and makes no provisions for their holding over until their successors are appointed and qualified. It was, therefore, *ultra vires* of the legislature to increase or extend their term of office beyond the constitutional limitation.
2. SAME — QUALIFICATION — ACT OF APRIL 17, 1873. — Sec. 27 of the act of April 17, 1873, requiring an applicant, before he can be appointed county superintendent of education, to submit with his application a certificate from the board of examiners, setting forth his educational qualifications, habits and moral character, and executive ability, is constitutional, and an appointment made by the state board of education without such certificates is invalid.

ERROR to the Circuit Court of Holmes County. Hon. W. B. CUNNINGHAM, Judge.

The facts in this case are very plainly set forth in the opinion the court.

*Allen & Dyson,* for plaintiff in error.

*R. A. Anderson & G. E. Harris,* for defendant in error.

PEYTON, C. J., delivered the opinion of the court.

This is a writ of error from a judgment upon an information in the nature of a *quo warranto.*

The relator, G. M. D. Sumner, alleges, in his information, that on the 7th day of January, 1875, he was appointed by the state board of public education, superintendent of public education for Holmes county, and that his appointment to said office by said board of public education as aforesaid, was confirmed by the senate of the state of Mississippi, on the 20th day of January, 1875.

The respondent, Joseph Burnham, alleges in his answer, that on the 7th day of November, 1872, he was appointed by said board of public education, superintendent of public education for Holmes county, and that his said appointment was confirmed by the senate of said state, on the 31st day of January, 1873, and insists that he has a right to hold said office until his successor is duly appointed and qualified to enter on the discharge of the duties of the office. That the relator was not legally appointed to said office, because he was not examined by a board of examiners of said Holmes county, as to his educational qualifications, his habits and moral character and his executive ability, and that he had not given bond as required by law.

The fourth section of the eighth article of the constitution provides that there shall be a superintendent of public education in each county, who shall be appointed by the board of education, by and with the advice and consent of the senate, whose term of office shall be two years. According to this limitation in the constitution, Burnham's term of office could not continue longer than the 31st day of January, 1875, and he could not legally hold said office any longer, unless he was authorized by law to hold the same until his successor was qualified to enter upon the duties of the office. No officer, named in the constitution, whose term of office is prescribed therein, can hold for a longer period than that specified in that instrument. The twenty-second section of the fifth article of the constitution provides that all officers named in this article shall hold their offices during the term for which they were elected, unless removed by impeachment or otherwise, and until their successors shall be duly qualified to enter on the dis-

charge of their separate duties. The county superintendent of education is not one of the officers named in that article, and therefore he has no right to hold over his term. And the legislature has no power to extend the term of any of these officers beyond the time prescribed by the constitution, unless authorized by that instrument. As there is nothing in the constitution authorizing Burnham to hold over after the expiration of his term of office, it necessarily follows that he had no right to the office in controversy after the 31st day of January, 1875.

It now remains to inquire whether or not Sumner is entitled to it. The twenty-seventh section of " an act to amend the laws of the state in relation to public education," approved April 17, 1873, " provides that before any person shall be appointed to the office of superintendent of education in any county in this state, he shall procure a certificate from the board of examiners, setting forth his educational qualifications, habits and moral character and executive ability, and the state board of education shall in no case appoint any person to be superintendent in any county who does not submit such certificate with his application for appointment.

It is conceded that Sumner never was examined by said board of examiners and that he did not procure the certificate required by said act before his appointment by the state board of education to the office of superintendent of public education for said county of Holmes. If this act be a legitimate exercise of legislative power under the constitution, the certificate therein required is a condition precedent to the legality and validity of the appointment. As the durability of our republican institutions very much depends upon the virtue and intelligence of the people it is of vast importance that those who aspire to become superintendents of public education shall have some qualifications for that office, and with this view, no doubt, the act was passed. And although the state board of education derive their power to make the appointment from the constitution, it was competent for

the legislature to prescribe that the applicant for the position should furnish some evidence of his qualifications to the board of education at the time of making his application, and this was to be done by procuring the certificate of the board of examiners."

The leading rule in regard to the judicial construction of constitutional provisions is a wise and sound one, which declares that, in cases of doubt, every possible presumption and intendment will be made in favor of the constitutionality of the act in question, and that the courts will only interfere in cases of clear and unquestioned violation of the fundamental law. Sedgwick on the Construction of Statutory and Constitutional law, 409. Where the purpose and object of the act is so good and laudable as that under consideration, we should hesitate long before we declared it unconstitutional, unless it were clearly so.

The duty of the court to uphold a statute when the conflict between it and the constitution is not clear, and the implication which must always exist that no violation has been intended by the legislature, may require it in some cases, where the meaning of the constitution is not in doubt, to lean in favor of such construction of the statute as might not at first view, seem most obvious and natural. For as a conflict between the statute and the constitution is not to be implied, it would seem to follow, where the meaning of the constitution is clear, *that the court, if possible, must give the statute such construction as will enable it to have effect.* Cooley on Constitutional Limitations, 184.

Whenever an act of the legislature can be so construed and applied as to avoid conflict with the constitution and give it the force of law, such construction will be adopted by the courts. An inquiry into the validity of an act on the ground that it is unconstitutional, is an inquiry whether the will of the representative as expressed in the law, is or is not in conflict with the will of the people as expressed in the constitution. And unless it be clear that the legislature has transcended its authority, the courts will not interfere.

Acts of the legislature constitutionally organized are presumed to be constitutional, and it is only where they manifestly infringe some of the provisions of the constitution or violate the rights of the citizen, that their operation and effect can be impeded by the judicial power.

The construction which we have given to the act in question will tend to secure the appointment of superintendents of education for the various counties in the state, who have character, qualification, capacity and ability to perform the important functions of that office, upon the faithful discharge of which, the future weal and prosperity of the state largely depend.    This construction does not detract from the constitutional power of the state board of education to make these appointments.    But their judgment and discretion must be exercised in the selection and appointment of county superintendents of education from those applicants for the office, who produce the required certificate of qualification.

If these views be correct, it follows that Sumner's appointment to the office of superintendent of education of Holmes county is invalid, and cannot be sustained.

For these reasons, the judgment must be reversed and the information dismissed.