WILKINS v. LARGE.

(Division B. May 9, 1932.)

[141 So. 585. No. 30002.]

**L. K. Saul**, of Ellisville, and **Welch & Cooper**, of Laurel, for appellant.

**W. D. Conn**, Assistant Attorney-General, for appellee.

**Anderson, J.**, delivered the opinion of the court.

This is a quo warranto proceeding brought in the circuit court of Wayne county, in the name of Aubert C. Dunn, District Attorney, on the relation of appellee, against appellant, to try the right to the office of superintendent of education of that county. The cause went off on the pleadings, resulting in a judgment in appellee's favor.

Appellee set up in his declaration, in substance, the following facts: That in the general election held in this state in November, 1931, he was duly elected to the office of superintendent of education of Wayne county for the four-year term beginning January 1, 1932, and received from the secretary of state and Governor, in accordance with the law, a commission to hold the office. That thereupon within the time prescribed by law he made the required bond with sufficient sureties and filed the same with the clerk of the circuit court of the county, which bond was approved by the board of supervisors of the county, and took the oath of office. That appellant was

the superintendent of education of the county for the term expiring December 31, 1931. That on the first of January, 1932, appellee demanded of appellant possession of the office which was refused by the latter. That appellant thereafter continued to hold the office and exercise the duties, rights, and privileges incident thereto. Appellee prayed that the court render judgment establishing his right to the office and removing appellant therefrom.

To the declaration appellant filed three special pleas, in the first of which it was averred that appellee had not been a resident citizen of the state of Mississippi for four years and of the county of Wayne for two years immediately preceding his election. The plea then set out certain facts as evidence of the truth of its averments. The second plea avers that appellee was not eligible to the office of county superintendent of education for the reason that he did not hold, as required by law at the time of his election, a certificate attesting that he was a graduate of a high school requiring at least fifteen units for graduation or the equivalent thereto, and/or that he had at least two years of successful experience as a teacher in the public schools of the state, or was a graduate of a standard college, and that he had passed the examination required by law. The third plea avers that appellee had not paid a poll tax for each of the two years immediately preceding his election to the office; that he did pay a poll tax in Wayne county for the year 1930, but paid none for the year 1929, or any of the preceding years; that during the years 1928 and 1929 appellee was between the ages of 21 and 60 years and was not deaf, dumb, or blind and was not maimed by the loss of a hand or foot.

Appellee demurred to the three special pleas upon the ground of insufficiency in law. The demurrer was sustained, and, appellant declining to plead further, final judgment was entered removing appellant from the

office and installing appellee therein. From that judgment appellant prosecutes this appeal.

We have here, therefore, in the person of appellant, a county superintendent of education, whose term of office has expired, holding over into another term, refusing to surrender the office to appellee, who has been elected as appellant's successor. Three questions are presented for decision: (1) Whether appellant, under the law, has the right to contest appellee's claim to the office. (2) Whether appellant's special pleas properly pleaded the defenses therein attempted to be set up. (3) Whether, under section 6563, Code of 1930, the qualifications therein prescribed for county superintendents of education are to be enforced by the courts, or whether their enforcement is left to the state board of education. We will consider those questions in the order stated.

The first question is decided in appellant's favor in Andrews v. State, 69 Miss. 740, 13 So. 853; Roane, District Attorney, ex rel. Tunstall v. Matthews, 75 Miss. 94, 21 So. 665; and Burnham v. Sumner, 50 Miss. 517. The Andrews Case was quo warranto by the state, on the relation of Covington, against Andrews. Andrews held the office of clerk of the circuit and chancery courts of Quitman county. Covington, the relator, was elected to succeed him. Andrews refused to surrender the office to Covington. The suit was brought to recover the office. Covington charged in his petition that he had been duly elected to the office and had received a certificate to that effect, had been commissioned, and had taken the oath of office as provided by law, but that Andrews had refused to surrender the office and continued to hold same. Andrews demurred to the petition, which demurrer was overruled. Thereupon he filed a special plea setting up that he had been elected to the office for the term immediately preceding the term in controversy; that he was holding over because Covington was not a qualified elector and therefore not entitled to the office. A demurrer

to the special plea was sustained. Judgment for Covington was entered, and Andrews appealed. The court held that, although Andrews was wrongfully exercising the functions of the office, nevertheless Covington should fail in this contest for the reason that he had not shown himself to be legally entitled to be inducted into the office, because he admitted by his demurrer to Andrews' plea that he was not a qualified elector of the state at the time of his election nor at the time of the institution of the quo warranto proceedings, and therefore, under section 250 of the Constitution, was not entitled to the office. The other two cases referred to are also in point, but perhaps not as directly decisive of the question as the decision in the Andrews Case.

For reasons hereinafter stated, we leave out of view the third special plea. Appellee argues that the first and second special pleas, and especially the first one which avers that he had not been a resident of the state for four years and of the county of Wayne for two years immediately preceding the election, were demurrable, because they do not allege facts, but mere inferences or deductions from facts. We do not think there is any merit in this contention. The allegation that appellee was not a resident citizen of the state and county for the required time was an allegation of facts; it was not necessary to set out the evidence upon which the allegation was based; therefore that part of the plea attempting to do so is mere surplusage.

Section 204 of the Constitution provides, among other things, that the qualifications, compensation, and duties of the county superintendents of education shall be prescribed by law. In pursuance of that constitutional authority, the Legislature enacted sections 6560 and 6563 of the Code of 1930, and other provisions in the Code chapter on schools. Section 6560, among other things, provides that the state board of examiners shall examine all applicants or candidates for the office of county super-

intendent of education under regulations passed by the state board of education.

Section 6563 is in this language:

"Before anyone shall be eligible to the office of county superintendent he shall be a qualified elector and a resident citizen of the state for four years and of the county for two years immediately preceding his election. He shall also hold a certificate attesting that he possesses the following educational and professional qualifications:

"1. Be a graduate of a high school requiring at least fifteen units for graduation, or the equivalent thereof.

"2. He must have had at least two years of successful experience as a teacher in the public schools of the state, or be a graduate of a standard college.

"3. Pass the examination required by law.

"4. The state board of education shall enforce the requirements of this section."

It will be observed that the last paragraph of this section provides that the state board of education shall enforce the requirements of the section. Appellee argues that thereby the enforcement of this section is lodged exclusively in the state board of education, and therefore resort cannot be had to the courts for its enforcement. It is true that, literally construed, the enforcement of the entire section is conferred on the state board of education. We are of opinion, however, looking at the statute as a whole and bearing in mind its evident purpose and intent, that the last paragraph applies alone to that part of the statute dealing with the educational qualifications and experience of those seeking the office of county superintendent of education. The state superintendent of education and the state board of examiners by experience and training are peculiarly fitted to pass on and determine such matters. In unmistakable language, the certificate provided by the statute refers alone to experience and educational qualifications. It has no reference to the first clause of the statute requiring that

the county superintendent of education shall be a qualified elector and a resident citizen of the state for four years and of the county for two years immediately preceding his election.

It follows from what has been said that, in a contest involving the eligibility of a county superintendent of education to the office, the courts may inquire into whether or not he is a qualified elector of the county and a resident citizen of the state for four years and of the county for two years immediately preceding his election, but if he holds the certificate, provided by the statute, attesting his educational and professional qualifications as set out in the statute, such certificate will be treated by the courts as conclusive of the facts therein certified to. On the other hand, if he lacks the requirements provided by the first clause of the statute, or does not possess the certificate as to his educational and professional qualifications provided by the statute, he is ineligible to the office, and the courts will so adjudge.

For the reasons stated we are of opinion that the first and second pleas set up good defenses.

The third plea avers that the appellee was not a qualified elector of Wayne County for each of the two years preceding his election, because he had not paid his poll taxes for those years. The plea does not set out whether or not he was assessed with his poll taxes for each of those years. This plea necessarily raises the question of whether or not a person otherwise a qualified elector is disqualified unless he has paid, on or before the first day of February of the year in which he shall offer to vote, his poll taxes for the two preceding years, regardless of whether he has been assessed therewith or not. The determination of this question involves a construction of sections 241 and 243 of the Constitution. The question is so far reaching and important in its effect to the electorate of the state that we do not think it ought to be decided unless it becomes absolutely necessary, and it

is not necessary in this case because the judgment is to be reversed on the grounds that the first and second pleas were good, and on another trial the question may not arise.

Reversed and remanded.